

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN 11, TEXAS

**JOHN BEN SHEPPERD**
ATTORNEY GENERAL

August 1, 1956

Honorable Homer Garrison, Jr., Director
Texas Department of Public Safety
Box 4087, North Austin Station
Austin, Texas

Opinion No. S-211

Re: Whether the State Department of
Public Safety may have title to,
operate and dispose of vessels,
vehicles and aircraft forfeited
to it under Article 725d, V.P.C.,
there being no bona fide lien
holders or other persons claim-
ing any right, title or interest
therein.

Dear Colonel Garrison:

You have requested our opinion on the following
question:

"1. If a vehicle upon which no lien is
claimed is forfeited to the Department of
Public Safety through the procedure estab-
lished by House Bill 308 and an order is is-
sued directing the certificate of title to be
transferred to the Department of Public Safety
and the Department, pursuant to that order,
makes due application and receives the certi-
ficate of title, can the Department then con-
sider this vehicle as lawful State property
for the purpose of the expenditure of State
funds for its operation and maintenance?"

The provision of Article 725d, Vernon's Penal
Code, providing for the disposal of forfeited automobiles,
vehicles, and aircraft is as follows:

"Sec. 8. Sale. All forfeited vessels,
vehicles or aircraft shall be sold at a public
auction under the direction of the County Sher-
iff after notice of sale as provided by law for

other sheriff's sales. The proceeds of such sale shall be delivered to the District Clerk and shall be disposed of as follows:

"(1) To the bona fide lien holder, mortgagee or conditional vendor to the extent of his interest;

"(2) The balance, if any, after deduction of all storage and court costs, shall be forwarded by the District Clerk to the State Treasury for deposit in the general revenue fund."

The question involved is whether this section of Article 725d means that there is to be a sale of the forfeited vehicle, vessel or aircraft in every case, or whether the section is merely descriptive of the procedure to be followed where there are lienholders and a sale is had under the statute. In reaching a construction of the section involved, it should be pointed out that the word "shall", as used in statutes and contracts, is generally mandatory and imperative. Black's Law Dictionary (4th Ed. 1951). The section above quoted concerning sale of forfeited vehicles is the only section in the statute involving a sale or other disposition of the property, and states unequivocally that the forfeited vehicle "shall be sold". It then proceeds to prescribe the method of sale, and the conclusion is inescapable that the statute commands a sale in any event, and any other use of the vehicle is not authorized by the statute. Thus the Department of Public Safety would not be authorized to retain the forfeited vehicle, vessel or aircraft for its own use, nor could it be considered lawful State property for the purpose of expenditures of State funds for its operation and maintenance.

This construction of the statutory provision is further substantiated by the legislative history of Article 725d as House Bill 308, 54th Legislature, 1955. The bill, as originally introduced, reads as follows:

"Sec. 14a.

". . .

"(2) . . . If upon the trial of such suit it is found that such vehicle was used for the transportation of narcotic drugs in violation

> of this act then the court trying said cause
> shall render judgment forfeiting said prop-
> erty to the State of Texas and ordering the
> same disposed of as provided for by subsec-
> tion (4) of this section, or if in the opin-
> ion of the Director of the Department of
> Public Safety, such property is needed for the
> use of the department then the same shall be
> retained and so used until such time as such
> property is sold by the Department as provided
> herein."

In the committee report on this bill it was recom-
mended that the bill do pass, but that it be not printed,
and that a substituted bill presented by the committee be
printed. The substituted bill was eventually passed and
is now Article 725d, from which the above provision was
taken. The intention of the Legislature as indicated by
the above action is clearly shown. It was presented a bill
allowing the Department of Public Safety to keep the for-
feited vehicle for its own use, but instead the Legislature
substituted a bill which provided that the vehicle be sold.
Thus the intent of the Legislature was that the Department
of Public Safety not be allowed by the present Article to
retain a forfeited vehicle, vessel, or aircraft for its own
use.

Therefore, under this article all property for-
feited to the State must be sold in the manner indicated,
and retention of the vehicle by the Department of Public
Safety or expenditure of State funds in its care and main-
tenance is without statutory authority.

As to the portion of the question presented which
deals with the certificate of title to the forfeited vehi-
cle, vessel or aircraft, Section 9 of Article 725d provides:

> "Sec. 9. The State Highway Department is
> hereby directed to issue a certificate of title
> to any person, purchasing a vessel, vehicle, or
> aircraft under the provisions of this act, when
> said certificate of title is required under the
> laws of this State." (Emphasis added.)

Section 35 of the Certificate of Title Act, Arti-
cle 1436-1, V.P.C., provides:

"Whenever the ownership of a motor vehicle registered or licensed within this State is transferred by operation of law, as upon . . . judicial sale, or any other involuntary divestiture of ownership, the Department shall issue a new certificate of title upon being provided with certified copy of . . . bill of sale from the officer making the judicial sale. . . ."

There is no provision for a transfer of title of the forfeited vehicle in either the article here under construction or the Certificate of Title Act except to the purchaser at the sale prescribed in Section 8 of Article 725d. Therefore, there is no statutory authorization for a transfer of the title to the forfeited vehicle, vessel, or aircraft to the Department of Public Safety pending the sale of the vehicle prescribed in Section 8 of Article 725d, either in the other provisions of this article, or in the Certificate of Title Act.

## SUMMARY

Article 725d, V.P.C., does not allow the Department of Public Safety to keep and use, or to expend State funds for the maintenance of, vehicles, vessels or aircraft forfeited under that article, but provides that such forfeited vehicle, vessel, or aircraft shall be sold according to the statute. Further, Article 725d does not authorize transfer of the title to such vehicle, vessel, or aircraft to the Department of Public Safety pending the sale of such vehicle, vessel, or aircraft under Section 9 of such article.

APPROVED:

J. Fred Jones
State Affairs Division

W. V. Geppert
Reviewer

J. C. Davis, Jr.
Reviewer

Davis Grant
First Assistant

John Ben Shepperd
Attorney General

Very truly yours,

JOHN BEN SHEPPERD
Attorney General

By John Minton
John Minton
Special Assistant